```
                IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

|                                       |   |              |
|---------------------------------------|---|--------------|
| **DERRICK L. SUTTON,**                | ) |              |
|                                       | ) |              |
|     **Plaintiff,**| ) |              |
|                                       | ) |              |
|                                       | ) |              |
| **v.**                                | ) | No. 22-cv-2870 |
|                                       | ) |              |
| **JAGMOHAN GANDHU and J.S.**          | ) |              |
| **TRUCK CARRIER, INCORPORATED,**      | ) |              |
|                                       | ) |              |
|     **Defendants.**| ) |             |
|                                       | ) |              |

**ORDER TO SHOW CAUSE**

Before the Court is Defendants J.S. Truck Carrier, Inc. and Jagmohan Gandhu's June 13, 2023 Motion for Sanctions. (ECF No. 14.) Based on Plaintiff's persistent failure to provide discovery or to comply with the Court's orders, Defendants ask the Court to dismiss the case or grant such other sanctions as the Court deems proper.

This is a personal injury case resulting from an automobile accident. (ECF No. 1-1 at PageID 5.) Plaintiff Derrick L. Sutton sued in the Shelby County Circuit Court in Memphis, Tennessee, and the case was removed to this Court on December 27, 2022. (Id.; ECF No. 1.) At a Rule 26(f) planning meeting, the parties agreed that initial disclosures would be due January 30, 2023, and interrogatories previously propounded in state court would

be due on February 20, 2023. (ECF No. 7 at 1-2.) Plaintiff did not comply with those deadlines, and Defendants filed a motion to compel. (ECF No. 8 at PageID 45.) The Court, through Magistrate Judge Annie Christoff, ordered Plaintiff to show cause by May 5, 2023, why the motion to compel should not be granted. (ECF No. 10 at 2.) Although the magistrate judge waited an additional two weeks after the show cause deadline, Plaintiff never responded. (ECF Nos. 10, 11.) On May 19, 2023, the magistrate judge granted the motion to compel. (ECF No. 11.)

The magistrate judge's order on the motion to compel required Plaintiff to comply with his discovery obligations by June 2, 2023. (ECF No. 11 at 1-2.) The magistrate judge also required that Defendants file an accounting of their costs in preparing the motion to compel and allowed Plaintiff seven days from the date of Defendants' filing to respond. (ECF No. 11 at 2.) Plaintiff never responded to Defendants' accounting. The magistrate judge ordered Plaintiff to pay Defendants $1697.50 in attorney's fees. (ECF No. 13 at 3.) The magistrate judge also "remind[ed] [Plaintiff] of his obligations to respond to the interrogatories, produce documents, and provide his Rule 26(a)(1) initial disclosures . . . as required by the Court's May 19, 2023 Order." (Id. at 3-4.) The magistrate judge warned Plaintiff that, "[t]o the extent [Plaintiff] has yet to do so,

2

or does not by his June 2, 2023 deadline, he may face additional sanctions." (Id. at 4.)

Despite the magistrate judge's warning, Plaintiff has not complied with his discovery obligations. Defendants have now filed the instant motion. (See ECF No. 14 at 5.) As of the date of entry of this Order, Plaintiff has not made a single filing in this Court since the case was removed on December 27, 2022. Plaintiff's repeated failure to comply with his discovery obligations and this Court's orders -- despite being warned -- constitutes willful disregard of the Court's authority.

Plaintiff is ORDERED to show cause, within fourteen days of the entry of this Order, why his case should not be dismissed with prejudice under Federal Rules of Civil Procedure 37 and 41 for failure to prosecute and failure to comply with the Court's orders. Although dismissal with prejudice is a drastic remedy, which is not imposed lightly, Plaintiff's failure to comply even after being ordered to pay Defendants' attorney's fees strongly suggests that a lesser sanction will not suffice.

SO ORDERED this 7th day of July, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE