IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DERRICK L. SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 22-cv-2870 |
| | ) | |
| JAGMOHAN GANDHU and J.S. | ) | |
| TRUCK CARRIER, INCORPORATED, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR SANCTIONS

Before the Court is Defendants J.S. Truck Carrier, Inc. and Jagmohan Gandhu's June 13, 2023 Motion for Sanctions. (ECF No. 14.) For the following reasons, the Motion is GRANTED in part and DENIED in part.

Plaintiff Derrick L. Sutton failed to provide discovery to Defendants, leading to a motion to compel. (ECF No. 8.) On May 19, 2023, the Court entered an order requiring Plaintiff to meet his discovery obligations by June 2, 2023. (ECF No. 11 at 1-2.) Plaintiff again failed to comply, leading Defendants to file this Motion for Sanctions. (ECF No. 14.) Defendants ask that Plaintiff's case be dismissed with prejudice or that, in the alternative, the Court grant "whatever other relief the Court deems appropriate." (Id. at 7.) Plaintiff did not respond to the

Motion for Sanctions within the period allotted by the Court's Local Rules. The Court ordered Plaintiff to show cause why his case should not be dismissed with prejudice. (ECF No. 15.)

Plaintiff timely responded on July 21, 2023. (ECF No. 16.) In the response, Plaintiff's counsel says that he began representing Plaintiff while an attorney at the Reaves Law Firm ("RLF"). (Id. at 1.) Plaintiff's counsel left his employment with that firm on about March 13, 2023. (Id.) At that time, Plaintiff's counsel lost access to his email account at RLF. (Id.) Because he no longer saw the electronic notifications sent to his old inbox, Plaintiff's counsel was not notified of the filing of the motion to compel or later filings in the case. (Id. at 1-2; see ECF No. 8.) Because Plaintiff had settled with another defendant, no longer party to the case, the case was marked in RLF's case management software as settled. (ECF No. 16 at 2.) It was not readily apparent to staff at RLF that the case was in active litigation, and no substitute RLF attorney was assigned. (Id.) Plaintiff's counsel did not become aware of the Motion for Sanctions until he received a July 20, 2023 courtesy call from Defendants' counsel, who had learned from RLF staff of Plaintiff's counsel's departure from that firm. (Id. at 1-2.)

Plaintiff's counsel asks that the case not be dismissed with prejudice. (Id. at 2.) Counsel also asks that Plaintiff be given thirty days to provide the outstanding discovery

materials.[1] (Id. at 2-3.) Defendants reply that Plaintiff's response to the show cause order is not an adequate excuse for the prolonged failure to provide discovery.[2] (ECF No. 18-2 at PageID 125.) Defendants renew their request that Plaintiff's case be dismissed with prejudice. (Id.)

The Sixth Circuit has held that district courts should be slow to dismiss cases with prejudice for an attorney's conduct. Harmon v. CSX Transp., Inc., 110 F.3d 364, 367 (6th Cir. 1997). "[D]ismissal is usually inappropriate where the neglect is solely the fault of the attorney." Id. (emphasis omitted) (quoting Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980) (per curiam)). It was the responsibility of Plaintiff's counsel and RLF to ensure that Plaintiff's representation would continue without interruption despite counsel's departure. Plaintiff's counsel and RLF are at fault for their failure to do so. Given, however, that there is no allegation that Plaintiff is personally responsible for the failures to respond to Defendants' filings, dismissal with prejudice is not appropriate here.[3]

---

[1] New counsel for Plaintiff from RLF has appeared, ECF No. 17, although no motion to substitute counsel has been filed.

[2] Defendants move for leave to file a reply to Plaintiff's response to the show cause order. (ECF No. 18.) Defendants attach their proposed reply to the motion. (ECF No. 18-2.) The motion, ECF No. 18, is GRANTED.

[3] There is some indication in the record that Plaintiff has, at some point, personally caused delay in this case by failing to cooperate with his attorney in providing discovery. (ECF No. 18-2 at PageID 125.) Plaintiff is cautioned that, should he fail to cooperate with counsel to provide discovery responses going forward, he may be subject

The Court will, however, sanction Plaintiff's counsel for failing to comply with the June 2, 2023 deadline for providing discovery in the order compelling discovery. Under Federal Rule of Civil Procedure 37, the Court may impose sanctions if a party "fails to obey an order to provide or permit discovery," including an order on a motion to compel. Fed. R. Civ. P. 37(b)(2)(A). Unless the failure "was substantially justified or other circumstances make an award of expenses unjust," the sanctions imposed "must" include "the reasonable expenses, including attorney's fees, caused by the failure" to comply. Fed. R. Civ. P. 37(b)(2)(C).

An award of attorney's fees is just because Defendants have suffered a needless delay of more than four months in obtaining the discovery materials to which they are entitled. (See ECF No. 8 (filed on March 22, 2023).) Defendants have incurred additional attorney's fees by having to file motions to force Plaintiff to comply with his obligations.

Plaintiff's counsel had an obligation under this Court's Local Rules to file a motion to withdraw as counsel or to update his email address with the Court. Plaintiff's counsel could easily have done so but did not. For that reason, and because of the delay and increased expenses already discussed, an award of

---

to sanctions, including the imposition of financial penalties against Plaintiff personally and the dismissal of his case with prejudice.

4

expenses is just, and Plaintiff's counsel's failure was not substantially justified.[4]

For the foregoing reasons, Defendants' Motion for Sanctions, ECF No. 14, is GRANTED in part. The Court finds that Defendants are entitled to recover from Plaintiff's counsel their reasonable attorney's fees incurred in preparing the Motion for Sanctions and the reply to Plaintiff's response to the show cause order. See McCarthy v. Ameritech Publ'g, Inc., 763 F.3d 488, 493-94 (6th Cir. 2014) (stating that award of expenses should include those associated with briefing the fee application). The issue is referred to the magistrate judge for determination of the proper fee amount.

The Motion for Sanctions is otherwise DENIED. Plaintiff is ORDERED to comply by August 28, 2023 with his outstanding discovery obligations as described in the Court's order compelling discovery, ECF No. 11. Any extension of that deadline will be made only for a strong showing of good cause. Continued failure to provide discovery may result in the imposition of further sanctions, including the dismissal of Plaintiff's case with prejudice.

---

[4] RLF is also at fault, but the Court lacks authority under Rule 37 to impose attorney's fees against a law firm. NPF Franchising, LLC v. SY Dawgs, LLC, 37 F.4th 369, 383 (6th Cir. 2022).

SO ORDERED this 7th day of August, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE